# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2020

Lyle W. Cayce
Clerk

No. 19-11030
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY GUNNELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-104-1

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.

PER CURIAM:*

Anthony Gunnell pleaded guilty, without the benefit of a plea agreement, to possession of a controlled substance (dihydrocodeinone) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(E). The district court sentenced Gunnell to 16 months in prison, which was above the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

advisory guidelines range of zero to six months' imprisonment. On appeal, Gunnell asserts that his term of imprisonment is procedurally and substantively unreasonable and that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296, 301 (2004).

Generally, sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). Gunnell asserts that his sentence is procedurally unreasonable because the district court considered his criminal history that was uncounted under the Guidelines, including a bare arrest record, as grounds for a variance under § 3553(a). Gunnell, however, did not specifically raise the issues he argues on appeal in the district court. Accordingly, review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Under plain error review, this court determines if there was a clear or obvious legal error which affected the defendant's substantial rights. *See id.* If the defendant makes this showing, this court has the discretion to remedy the error but should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal punctuation, quotation marks, and citation omitted).

The district court's consideration of Gunnell's unscored criminal history was not erroneous. It is well settled that a district court may consider a defendant's criminal history in imposing a non-guidelines sentence. *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). It may consider juvenile conduct, *see id.*, and, if there is sufficient evidence to corroborate its reliability, any unadjudicated criminal conduct, *see United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011). Additionally, contrary to Gunnell's contention, the district court did not consider a bare arrest record. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *see also United States v.*

*Windless*, 719 F.3d 415, 420 (5th Cir. 2013). There was no error, plain or otherwise.

Gunnell also asserts that the district court procedurally erred by failing to explain adequately its reasons for the imposed above-guidelines sentence and that the district court substantively erred by imposing an "excessive and unreasonable sentence." Because Gunnell's counseled brief, which is not entitled to liberal construction, fails to brief these issues adequately on appeal, Gunnell has waived review of these claims. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); Fed. R. App. P. 28(a)(8)(A).

Gunnell next contends that the district court's consideration of facts set out in the Presentence Report concerning his criminal history violated the Sixth Amendment. According to Gunnell, judicial fact-finding relating to uncounted and unadjudicated criminal conduct caused him to be sentenced above the applicable sentencing guidelines range. District courts are permitted to find all facts relevant to sentencing by a preponderance of evidence without violating the Sixth Amendment. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009). Moreover, because Gunnell's prison sentence of 16 months is below the applicable statutory maximum sentence of 10 years, or 120 months, of imprisonment, there is no *Apprendi* violation.

Accordingly, the district court's judgment is AFFIRMED.